UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kathy Jolene Callanan,

    Plaintiff,

and                                        **COMPLAINT**

Mayo Clinic,

    Defendant.            Court File No.

Plaintiff Kathy Jolene Callanan ("Callanan"), as and for her complaint against Defendant Mayo Clinic ("Mayo") states and alleges as follows:

## JURISDICTION AND VENUE

1. This action is commenced pursuant to the Americans with Disability Act ("ADA"), 42, U.S.C. § 12101 et seq. and the Family and Medical Leave Act ("FMLA"), 29, U.S.C. § 2601 et seq.

2. Plaintiff also asserts claims under the Minnesota Human Rights Act, Minn. Stat. § 368A.08, et seq., and Minnesota Common Law for which jurisdiction is based on the doctrine of supplemental jurisdiction, under 28 U.S.C. § 1367.

3. The unlawful practices at issue have been committed in the District of Minnesota. Employment records relevant to those practices are, upon information and belief, maintained and administered at the offices of Mayo Clinic in the District of Minnesota, and Mayo Clinic has operations in the District of Minnesota.

4. On or about July 14, 2008, Callanan filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that Mayo had

discriminated against her on the basis of his disability. On or about October 4, 2010, the EEOC informed Callanan that she could bring a civil action against Mayo. On or about November 5, 2010, the Minnesota Department of Human Rights informed Callanan that she could bring a civil action against Mayo.

## PARTIES

5. Kathy Jolene Callanan is an individual residing in Minnesota. At all material times, Callanan was an employee of Mayo Clinic, pursuant to 42 U.S.C. § 12111(4), 29 U.S.C. § 2611(2), and Minn. Stat. § 363A.03, subd. 15.

6. Mayo Clinic is a Hospital located at 200 First Street SE, Rochester, Minnesota 55901. At all material times, Mayo Clinic was Callanan's employer, pursuant to 42 U.S.C. § 12111(5), 29 U.S.C. § 2611(3), and Minn. Stat. § 363A.03, subd. 16.

## FACTS

7. Callanan worked as a secretary in the Lab Medicine and Pathology department of Mayo Clinic from February 11, 1991 through September 21, 2007. Callanan was employed as a medical secretary.

8. While employed by Mayo, Callanan was diagnosed with major depressive disorder, recurrent, in partial remission.

9. During her employment, Mayo discriminated against Callanan because of her disability.

10. Callanan informed Mayo about her disability because of her need for protected leave.

11. Callanan requested a reasonable accommodation by requesting protected FMLA leave and attempting to take this leave.

12. Callanan was able to complete all of the tasks associated with her job with this reasonable accommodation.

13. Due to her diagnosis, Callanan required absence from work, plus treatment and medication, and thus took protected medical leave under FMLA, beginning November 1, 2006.

14. Pursuant to and within FMLA guidelines, Callanan acquired absences from work intermittently in accordance with FMLA Certification of Health Care Provider. Mayo terminated Callanan in violation of FMLA.

## CAUSES OF ACTION

### COUNT I
### Violation of the Americans with Disabilities Act

15. Callanan incorporates by reference paragraphs 1 through 14 of her Complaint.

16. 42, U.S.C. § 12112 states that no covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

17. Mayo's conduct in connection with Callanan is in violation of the general rule of 42, U.S.C. § 12112.

18. Mayo's discriminatory and unlawful discrimination have been intentional, deliberate, willful, and conducted in reckless disregard of and in gross indifference to Callanan's rights.

19. As a direct and proximate result of Mayo's discrimination, Callanan has suffered and will continue to suffer a loss of past ad future income and employee benefits, mental anguish, emotional distress, humiliation, embarrassment, and other damages in excess of $75,000.00.

20. In addition, Callanan has incurred attorneys' fees and costs in prosecuting this action. Callanan is entitled to recover for these and all amounts owing under the ADA, including punitive damages for Mayo's willful violations of the law, all in an amount to be determined at trial.

## COUNT II
## Violation of the Family Medical Leave Act

21. Callanan incorporates by reference paragraphs 1 through 20 of her Complaint.

22. The Family Medical Leave Act provides that an employee who takes leave for the intended purpose of the leave shall be entitled, on return from such leave to be restored by the employer to the position of employment held by the employee when the leave commenced. *29 U.S.C. § 2614 subd. a.*

23. Callanan was an eligible employee for purposes of FMLA.

24. Callanan was approved for medical leave under the FMLA for protected medical leave.

25. Mayo violated FMLA when it terminated Callanan on return from protected medical leave.

26. As a direct and proximate result of Mayo's discrimination in violation of FMLA provisions, Callanan has suffered and will continue to suffer a loss of past and future income and employee benefits, mental anguish, emotional distress, humiliation, embarrassment, and other damages in excess of $75,000.00.

27. In addition, Callanan has incurred attorneys' fees and costs in prosecuting this action. Callanan is entitled to recover for these and all amounts owing under the FMLA, including punitive damages for Mayo's willful violations of the law, all in an amount to be determined at trial.

## COUNT III
### Violation of Minnesota Human Rights Act Disability Discrimination

28. Callanan incorporates by reference paragraphs 1 through 27 of her Complaint.

29. The Minnesota Human Rights Act ("MHRA") provides that it is an unlawful employment practice for an employer to discriminate against any individual with respect to the compensation, terms, conditions, or privileges of employment, because of such individual's disability. *Minn. Stat. § 363A.08, subd. 2.* It is also unlawful for an employer to fail to accommodate a known disability. *Minn. Stat. § 363A.08, subd. 6.*

30. Callanan is a disabled person as defines by the MHRA, in the he (1) has a physical, sensory, or mental impairment which materially limits one or more major life activities; (2) has a record of such impairment; or (3) is regarded as having such impairment. *Minn. Stat. § 363A.08, subd. 6.*

31. Mayo's conduct in connection with Callanan is in violation of the disability provisions of the MHRA.

32. Mayo's discriminatory and unlawful employment practices in violation of the MHRA provisions have been intentional, deliberate, willful, and conducted in reckless disregard of and in gross indifference to Callanan's rights.

33. As a direct and proximate result of Mayo's discrimination in violation of MHRA provision, Callanan has suffered and will continue to suffer a loss of past and future income and employee benefits, mental anguish, emotional distress, humiliation, embarrassment, and other damages in excess of $75,000.00.

34. In addition, Callanan has incurred attorneys' fees and costs in prosecuting this action. Callanan is entitled to recover for these and all amounts owing under the MHRA, including punitive damages for Mayo's willful violations of the law, all in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kathy Jolene Callanan prays for judgment against Defendant Mayo Clinic for the following relief:

1. For an award of all relief under the ADA, including liquidated damages, in an amount to be determined in trial;

2. For an award of all relief under FMLA, including liquidated damages, in an amount to be determined in trial;

3. For an award of all compensatory damages, treble damages, punitive damages and other amounts recoverable under MHRA in an amount of in excess of $75,000.00;

4. For Plaintiffs attorneys' fees, costs and disbursements incurred herein;

5. For such and further relief that may be available by statute; and

6. For such other and further relief as this court deems just and equitable under the circumstances.

**A JURY TRIAL ON ALL TRIABLE ISSUES IS HEREBY DEMANDED.**

SCHMID & O'BRIEN, LTD.

Dated: __12-20-10__

_____Tim O'Brien_____
Timothy A. O'Brien (#326112)
Attorney for Plaintiff
6001 Egan Drive, Suite 140
Savage, Minnesota 55378
952-226-1202/Fax 952-226-1203

7